Yazoo & Mississippi Valley R. R. Co. *v.* G. L. Smith.

RAILROADS.  *Negligence.*   *Killing stock.*

> Where the engineer testifies that a colt, for killing which plaintiff sues, came on the track less than fifty feet before his engine and was not seen by him until struck, although he was at his post and on the look-out, and there is nothing to contradict his statement, a verdict should be directed for the defendant.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

Action for the value of a colt killed by defendant's running train. Plaintiff rested his case upon evidence of the value of the colt, and that it was found dead upon the track of defendant's railroad, and that the marks along the track indicated that it had been carried by the engine a distance of 75 or 100 yards from where it was first struck.

The engineer testified that the colt was killed about three o'clock in the afternoon; that he did not see it until it was struck, when he discovered it on the pilot and immediately applied the air-brakes and stopped the train; that the track was perfectly straight, and that he was at his post on the engine and on the look-out. When asked how far he could have seen an object in front of him, he replied 50 feet, and that if any object had come on the track 50

feet in front of the train, he would have seen it. He was then asked if he would swear "that the horse did not come on the track more than 50 feet of the engine," to which he replied that it did not. The fireman corroborated the statement of the engineer, although they varied somewhat as to what occurred between themselves at the time of the accident.

The court refused to instruct the jury to find a verdict for the defendant. The trial resulted in a verdict and judgment for plaintiff, and defendant appealed.

*W. P. & J. B. Harris,* for appellant.

The statement of the engineer is not contradicted, nor is he impeached in any way. The account he gives is a probable one, and under the evidence the court should have given the peremptory instruction.

*Rush & Gardner,* for appellee.

It cannot be said that the verdict is without evidence to support it, and it will not be disturbed, although this court should doubt its correctness. *R. R. Co.* v. *Williams,* 67 Miss. 18; *R. R. Co.* v. *Doggett,* Ib. 250.

The jury had the right to disregard the testimony of the engineer under all the evidence in the cause. 59 Miss. 288; 62 Ib. 23.

The conflict in the testimony between the engineer and fireman warranted the jury in disregarding their testimony. There was nothing to prevent the engineer seeing the colt in time to prevent the accident had he been at his post. The question is, could he, and ought he to have seen it? *Kent* v. *R. R. Co.,* 67 Miss. 608.

CAMPBELL, J., delivered the opinion of the court.

The verdict should have been for the defendant, and the court should have so directed the jury. All that the plaintiff testified to was admitted by the engineer who testified for the defendant, and there is no conflict of any kind in the evidence, and no semblance of ground for doubting that the colt came on the track just in front of the engine, and was killed and carried seventy-five or one hundred yards from where he was first struck. In this state of

case there was no liability for the death of the colt. Either the engineer testified falsely or there was no blame as to the death of the animal. There is nothing to suggest a doubt as to the truthfulness of the engineer's account, and there was nothing for the jury to pass on.

*Reversed and remanded.*